**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Federal Trade Commission** | ) | **CASE NO. 1:06-cv-2385** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **Mazzoni & Son, Inc.,** *d/b/a* **EDI** | ) | |
| **Healthclaims Network,** and *d/b/a* | ) | |
| **Concept Trading Company,** | ) | |
| **Chester J. Mazzoni,** | ) | |
| **Leo Douglas Lepo,** *a/k/a* **Douglas L.** | ) | |
| **Lepo,** | ) | |
| **Breeze Freeze, Inc.,** | ) | |
| **Four Seasons Beverage & Equipment,** | ) | **Memorandum Opinion and Order** |
| **Dolele & Associates, LLC, and** | ) | |
| **Metro Plymouth Business Park, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

Defendants Mazzoni & Son, Inc., d/b/a EDI Healthclaims Network and d/b/a Concept

Trading Company ("EDI"), Breeze Freeze, Inc., Dolele & Associates, LLC, Four Seasons

Beverage & Equipment, Inc., Metro Plymouth Business Park, LLC, Chester J. Mazzoni, and Leo

Douglas Lepo (collectively "Defendants") move the Court to Transfer Venue to the Eastern

1

District of Michigan (Doc. 19). For the reasons that follow, the motion is GRANTED.

**DISCUSSION**

Plaintiff the Federal Trade Commission ("FTC") initiated this action by filing an *ex parte* motion for temporary restraining order with this Court. The Court granted the TRO and the parties eventually stipulated to a preliminary injunction. The Complaint is focused on the activities of EDI, a Michigan corporation located in Plymouth, Michigan. EDI sold medical billing software to licensees throughout the country. The software allowed licensees to operate a "work-at-home" business by processing medical claims for physicians. EDI conducted training classes for the licensees in Michigan, performed its part of the claim processing in Michigan, and provided software and marketing support from its Michigan offices.

Although the software performs its stated function of processing claims, the FTC alleges that the vast majority of licensees who purchased the software were never able to obtain a medical client, and thus never earned any money from the software. The FTC claims that EDI and its nationwide network of recruiters misled potential licensees regarding the prospects for obtaining medical clients and even promised medical clients that never materialized.
  The FTC alleges that EDI has violated the FTC Act by engaging in unfair and deceptive acts in or affecting commerce and the franchise rule by failing to provide licensees with disclosures required by law.

One result of the TRO and stipulated preliminary injunction was that a receiver was appointed to run EDI. The receiver has since terminated all EDI employees. The other corporate Defendants have been allowed to continue to operate. They are alleged to operate as an "interrelated network of companies that have common ownership, officers, managers and/or

business functions" with EDI. Individual Defendants Mazzoni and Lepo are alleged to have "formulated, directed, controlled, had authority to control, or participated in the acts and practices of the Defendants that comprise the common enterprise."

Defendants now ask the Court to transfer this action to the United States District Court for the Eastern District of Michigan under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) affords the district court discretion over whether or not to transfer a case. *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981); *Superior Consulting Co., Inc. v. Walling*, 851 F. Supp. 839, 845 (E.D. Mich. 1994); *Nemmers v. Truesdale*, 612 F. Supp. 245, 246 (N.D. Ohio 1985). "The statute was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Piper Aircraft*, 454 U.S. at 254.

The threshold inquiry is whether the proposed transferee district is a district or division where the suit might have been brought. *Picker Int'l, Inc. v. Travelers Indemnity Co.*, 35 F. Supp. 2d 570, 572 (N.D. Ohio 1998); *First Bank of Marietta v. Bright Banc Savings Ass'n*, 711 F. Supp. 893, 896 (S.D. Ohio 1988). Here, the parties do not dispute that the suit could have been brought in the Eastern District of Michigan. Thus, the Court must look to "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The Court will first address the private interests of the parties, which include the convenience of the parties, the location of books and records and the convenience of

3

witnesses. *Bacik v. Peek*, 888 F. Supp. 1405, 1414 (N.D. Ohio 1993).

The first issue is Plaintiff's choice of forum. As a general rule, the plaintiff's forum choice is afforded "great" or "substantial" weight. *Bacik*, 888 F. Supp. at 1414. Defendants seeking to upset the plaintiff's choice must therefore show that other factors weigh strongly in favor of transfer. *League of Women Voters of Ohio v. Blackwell*, 432 F. Supp. 2d 723, 734 (N.D. Ohio 2005); *Eberline v. Ajilon LLC*, 349 F. Supp. 2d 1052, 1054 (N.D. Ohio 2004); *Picker*, 35 F. Supp. 2d at 573. A federal agency's choice of forum is entitled to the same weight as a private litigant's. *In re Nat'l Presto Indus.*, 347 F.3d 662, 664 (7th Cir. 2003). *But see United States v. Klearman*, 82 F. Supp. 2d 372, 375 (E.D. Pa. 1999) (holding that the federal government's choice of forum "is not a choice that deserves the same level of deference" as a private plaintiff). The FTC thus notes that this case is being brought out of its East Central Region, which is located in Cleveland.

Nonetheless, other factors reduce the weight afforded the FTC's choice of forum. First, the Court's review of the other factors, *infra*, demonstrates that the claims have little connection to the Northern District of Ohio. *See Bright Banc*, 711 F. Supp. at 897 (noting that "the plaintiff's freedom to select his own forum has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff") (internal citation omitted); *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1050 (N.D. Ill. 1982) (holding that "plaintiff's choice of forum has reduced value where the forum lacks any significant contact with the underlying cause of action"). Second, the Court is concerned with the convenience of parties, not lawyers. *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 395 (E.D. Mich. 1982). It is therefore of little consequence that the FTC's lawyers will have to travel a little over

two hours to Detroit (just as Defendants' lawyers would have to travel to Cleveland).  Although the Court notes from the record that the investigation has been assisted by a Cleveland investigator, even she has had no problem traveling to Michigan for purposes of the investigation.  Most importantly, whatever weight the Court affords to the FTC's choice of forum, this is a case where the Defendants have made the very strong showing necessary to overcome the Plaintiff's choice.

The "most important" or "prime" factor in deciding a motion to transfer is the convenience of witnesses.  *E.g., Eberline*, 349 F. Supp. 2d at 1054; *Bacik*, 888 F. Supp. at 1414.  In considering the convenience of witnesses, the Court must focus on the substance and importance of the potential testimony as opposed to the number of witnesses.  *Bacik*, 888 F. Supp. at 1415; *Lake v. Richardson-Merrell*, 538 F. Supp. 262, 271 n.13 (N.D. Ohio 1982).  The only identified witnesses residing outside of Michigan are the FTC's investigator, the licensees and some of EDI's former recruiters.  The FTC points the Court to the licensees, who will testify to the representations made by EDI and its recruiters.  The FTC also notes that recruiter testimony will be necessary to support Defendants' arguments that the recruiters were independent contractors.  The problem with these arguments is that they do not support trying this case in the Northern District of Ohio.  Of the licensees who have provided an affidavit thus far, only one resides in Ohio.  That testimony is largely duplicative of other affidavits from licensees located in other states.[1]  Although there are a number of licensees in Ohio (as there are in virtually every other state), the FTC has not provided anything that would lead the Court to

---

[1] The other licensees who submitted affidavits are from Georgia, Connecticut, Minnesota, Florida, California, South Dakota, New York, Missouri, Indiana, Oklahoma and Kansas, respectively.

believe these other licensees will participate in these proceedings.  Indeed, the FTC admits that the majority of licensees will have to travel to either Ohio or Michigan.  The situation is the same for the recruiters, except that more recruiters reside in Michigan than in any other state.  Only one of the recruiters is in Ohio, and recruiters from other states would have to travel to either Michigan or Ohio.

In contrast, *all* of these witnesses have substantial connections to Eastern District of Michigan.  The licensees dealt with EDI in Michigan and even attended a training class in Michigan.  The recruiters' business was clearly based around referring potential licensees to EDI in Michigan and the one recruiter located in Ohio has a business card that includes Michigan phone numbers and a Michigan address.

Most of Defendants' main witnesses are located in Michigan.[2]  The receiver is located in Grand Rapids, Michigan.[3]  With respect to former EDI employees, FTC correctly notes that it is considered less burdensome for a party's employees to attend out-of-state proceedings.  *Lemery*

---

[2] Sandra Edwards will provide testimony regarding the EDI software, training, technical support and claim processing.  Jay Hillis, Roger Urso, Mike Plunkett and Rich Harvie are recruiters who will testify as to representations to potential licensees and the independent contractor relationship.  Patricia Terlaak will provide testimony regarding marketing support provided to licensees and representations to licensees regarding potential medical billing clients.  Richard Ireland will provide testimony regarding the EDI billing software and its capabilities vis-a-vis comparable products.  Defendants Mazzoni and Lepo, although they have asserted their rights under the Fifth Amendment, also reside in Michigan.

[3] The FTC argues that any increased convenience to the receiver may be offset by an "increase in costs attendant to bringing a new judge up to speed."  The Court is confident that the judges in the Eastern District of Michigan are more than capable of understanding this case in relatively short order.

*v. Ford Motor Co.*, 244 F. Supp. 2d 720, 730-31 (S.D. Tex. 2002); *Neff v. Ath. Lettering Co. V. Walters*, 524 F. Supp. 268, 273 (S.D. Ohio 1981).  However, the witnesses at issue here are *former* employees of EDI who have been terminated as a result of this action and whose former bosses are under criminal investigation.  Under these circumstances, it would be quite helpful to have the proceedings in a venue where these witnesses are readily available and within the court's subpoena power.  *See Eberline*, 349 F. Supp. 2d at 1053 (noting that "the availability of process to compel attendance of unwilling witnesses" is a relevant factor under Section 1404(a)).

The location of documents cuts in neither direction.  This factor is given relatively little weight in any event.  *Picker*, 35 F. Supp. 2d at 574; *Apex Sales Agency v. Phoenix Sintered Metal, Inc.*, No. 1:06-cv-01203, 2006 U.S. Dist. LEXIS 77302, *8-9 (N.D. Ohio 2006).  Here, the FTC has access to vast majority of Defendants' documents as a result of its investigation.  The documents of the licensees and recruiters are located around the country.

Defendants are also correct that the public interest strongly favors transfer to the Eastern District of Michigan.  Relevant public interest factors include docket congestion, the familiarity of the court with controlling law, the burden of trial in a jurisdiction with no relation to the cause of action, and the value of holding trial in a community where the public affected live.  *Ajilon*, 349 F. Supp. 2d at 1053-54; *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (N.D. Ohio 2002); *Bright Banc*, 711 F. Supp. at 897; *Apex*, 2006 U.S. Dist. LEXIS at *9-10.  Docket congestion and issues of controlling law do not appear to be relevant factors here.  With respect to the remaining public interest factors, Ohio has no greater interest in this litigation than virtually any other state whose residents may have signed up as licensees.  Simply put, the FTC has not provided anything that would lead the Court to believe that solicitations, letters, recruiter

contacts, or number of licensees is any greater in Ohio than anywhere else. Conversely, this litigation will clearly have its greatest effect in Michigan, where all of the Defendants and their current and former employees reside.

In sum, this is not a case where the inconvenience of litigating in a foreign forum will simply be shifted from Defendants to the FTC. Rather, transferring the case to the Eastern District of Michigan will promote the convenience of the witnesses, the overall (and relevant) interests of the parties and the public interest. Any inconvenience to the FTC is strongly outweighed by these factors.

**CONCLUSION**

Accordingly, Defendants' motion for transfer of venue to the Eastern District of Michigan is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/13/06